KOSCAN
"DOC #1



# 1:CV00-1831

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District MIDDLE | |
|---|---|---|
| Name CALVIN WILLIAM ROTH, JR. | Prisoner No. CY 1623 | Case No. 2341 C.A.1992 |

Place of Confinement
S.C.I.- Houtzdale
P.O. BOX 1000 - Houtzdale, PA. 16698-1000

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| CALVIN WILLIAM ROTH, JR. v. | COMMONWEALTH OF PENNSYLVANIA |

The Attorney General of the State of: PENNSYLVANIA.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Court of Common Pleas of York County, Pennsylvania. 28 E. Market York PA. 17401.

2. Date of judgment of conviction  July 21st, 1993

3. Length of sentence  11 years to 22 years

4. Nature of offense involved (all counts)  11 years to 22 years
   Escape, Rape, Terroristic Threats.

5. What was your plea? (Check one)
   (a) Not guilty     XX
   (b) Guilty         ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Petitioner plead Guilty to Escape.-- Jury Trial on Rape and Terroristic Threats.

FILED
SCRANTON
OCT 16 2000
PER _____ DEPUTY CLERK

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury       XX
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __Superior Court__

   (b) Result __Remanded For P.C.R.A. Hearing /Direct Appeal__

   (c) Date of result and citation, if known __NOVEMBER 5th, 1993__

   (d) Grounds raised __All issues as stated refering to the ineffectiveness Of trial Counsel.__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __Court of Common Pleas of York County, PA.__

   (2) Result __P.C.R.A. was denied.__

   (3) Date of result and citation, if known __JANUARY 30th, 1996__

   (4) Grounds raised __Ineffective assistance of Counsel__

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court __THE SUPREME COURT OF PENNSYLVANIA__

   (2) Result __AND Now, this 25th day of July, 2000, the petition for allowance of appeal is denied.__

   (3) Date of result and citation, if known __25th day of July, 2000.__

   (4) Grounds raised __The Superior Court was arbitrary in Dismissing Arguments Surrounding Jury. The Superior Court was in error in confirming the trial Courts decision instraduction of prior bad acts.__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes XX No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __Court of Common Pleas of York County, PA.__

    (2) Nature of proceeding __P.C.R.A.__

    (3) Grounds raised __Ineffectiveness of Counsel.__

(3)

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒   No ☐

(5) Result ___P.C.R.A. -Denied.___

(6) Date of result ___JANUARY 30th, 1996___

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___Superior court___

(2) Nature of proceeding ___Appeal for P.C.R.A.___

(3) Grounds raised ___Ineffective-Counsel___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result ___Lower Court Affirmed Decision___

(6) Date of result ___1-31-96___

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒  No ☐
(2) Second petition, etc.   Yes ☒  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
___Appealed Superior Court Ruling to the Supreme Court-Supreme___
___Court Denied on Allowance of Appeal Motion on 5-29-97___

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: (H) Jury unconstitutionally Selected & impaneled

The right to a Jury of My peers. (fact that Juror should have been Dis

Supporting FACTS (state *briefly* without citing cases or law) The fact that counsel

Failed to honor my wishes, and to challenge the credibility

Of certain Jurors. to perform an average man test or to

Peremptory -- any of the jurors as was my request (Examine

Specificly).    Also if the Jury had been tainted due to

The   outburst during trial. the petitioner being

Denied the right to a cross section of his peers there were

Ten(10)Women and two (2) men on my Jury (prejucing the out-come of the tr

NOTE: (on a trial of RAPE of a Women complainant).

B. ground two:  (i) Denial Of effective Assistance of Counsel.
Supporting FACTS (state *briefly* without citing cases or law):

Counsel being Court appointed, the petitioner having a

Constitutional Right to effective assistance of counsel.

Counsel failure to honor my wishes. or to communicate

Concerning how the trial should be handled.

Failure of counsel to establish in-Camira hearing and the

Probative need for the same.

AO 241 (Rev. 5/85)

C. Ground three: Failure of ineffective counsel to secure witnesses That would have changed the out-come of the trial

Supporting FACTS (state *briefly* without citing cases or law): Witnesses that could have testified to fact concerning this Case. there being probative value in the calling of said Witnesses.

D. Ground four: The petitioner being prejudiced due to tainted and Contradicted testimony.

Supporting FACTS (state *briefly* without citing cases or law): Testimony as made by Commonwealths witnesses, that is Contradicted from police report and preliminary trial.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: The argument as stated above has been presented in part, but Without waiving this argument-not having witnesses as requested To refute Contradicted testimony.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing  J. David Macveigh- Public Defenders Office
York, PA.

(b) At arraignment and plea  J. David Macveigh- Public Defenders Office.
York, PA.

(6)

AO 241 (Rev. 5/85)

(c) At trial __J. David Macveigh- Public Defenders Office__
   __York,   PA.__

(d) At sentencing __J. David Macveigh-Public Defenders Office.,__
   __York,   PA.__

(e) On appeal __J. David Macveigh-Public Defenders Office.,__
   __York,   PA.__

(f) In any post-conviction proceeding __Frank C. Arcuri, ESQ__
   __P.O. BOx 429 York, PA.   17405__

(g) On appeal from any adverse ruling in a post-conviction proceeding __Frank C. Arcuri, ESQ__
   __P.O. BOX 429 York, PA. 17405__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
   Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes ☐   No ☒      N/A
   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: __July-1993/ 11years to 22years__

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☒   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_[signature]_
Signature of Attorney (if any)
PRO-SE

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__10-10-2000__
(date)

_[signature]_
Signature of Petitioner /PRO-SE

(7)

Page Five Continued

The trial court order However does not address the two numerous motion filed, But only refers to the motion to set aside sentence, and not the other motion filed by the appellant to set aside Judgment.

The trial court accepted this post-trial motions as appellants third PCRA. Note: The trial courts order only addresses and dismisses one of the motions accepted as a PCRA. [ Motion to set aside sentence]. At no time did the trial court appoint counsel to represent the appellant, to assist him in presenting his arguments, See: Commonwealth .V. Fiero, 341 A2d 448 (1975) [ Similar to the appellants case]. The trial court, and appellate court Superior simply stated that the appellant was untimely, However the court fails to address it, Counsel was ineffective in failing to secure witnesses.

The superior court even stated in Comm V. Luther 317 Pa. super. 41, 463 A2d 1073 (1983) that this type of evidence is crucial in these types of cases.[ Taken from appellants brief Superior Court page 12] The Superior Court states in there Judgment dated Feb. 8th, 2000, The basis of the appellants appointment of counsel.

At no time has the trial court or the superior court properly addressed the issue of counsels, ineffectiveness in failing

to obtain witnesses, and or character witnesses as cited in my brief submitted to The Superior Court, from judgment entered March 2nd 1999. By the trial court. Again the issue's presented have not been clearly addressed by the trial court or superior court.

In the superior courts memorandum dated Feb 8th, 2000, The court only refers to the amendment to the PCRA. However the appellant petitioner would ask this court to consider; that the appellant is unlearned in the law, and with assistance is able to complete this action; That the trial court failed to appoint the appellant counsel to properly assist him in pursuing his interest. The superior court in it's Feb 8th, 2000, memorandum cites the amendment to 42 Pa.C,S,A, 9545(b)(1) But fails to consider any of the issues presented, to at the very least consider the new case law appropriated in that the trial court should not have been allowed to introduce evidence of prior crimes or bad acts. In fact appellant signed papers stating that none of this information should have been used against him at trial See:
[ Trial Transcripts page 76]

Appellant ask this Honorable court to consider the following case: Common V. McCaskill 468 a2d 472 (1983)

Commonwealth V. Mabie 359 A2d 369 (1976)

Eldridge V. Attkins 665 F.2d 228 (1981)

Commonwealth V. Howard 749 A2d 941 (2000).

Commonwealth V. Hitchcock, 749 A.2d 935  (2000).

Commonwealth V. Garcia, 749 A.2d928  (2000).

Article 1. Sec. 9 Pennsylvania constitution

Commonwealth V. Wideman, 306 A2d 894 (1973).

This is an urgent matter and the appellant praying for relief. The appellant-Petitioner will submit brief's and any memorandums upon request.