UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CALVIN WILLIAM ROTH Jr.,
    Petitioner    :

                  :

v.                      : CIVIL ACTION NO. CV-00-1831

                  :

COMMONWEALTH OF PENNSYLVANIA,  : THE HONORABLE JUDGE
    Respondents    : SYLVIA H. RAMBO

                  :

**MEMORANDUM SUPPORT OF WRIT OF HABEAS CORPUS**

    The Petitioner, CALVIN WILLIAM ROTH Jr., Pro-Se does hereby present and submit to the Honorable Court this MEMORANDUM to the best of my knowledge, understanding, ability, and without the assistance of Counsel.

### POINT I

**TRIAL COUNSEL J. DAVID MACVEIGE WAS INEFFECTIVE DUE TO HIS FAILURE TO CONTACT WITNESSES ON MY BEHALF THAT WOULD HAVE CHANGED THE OUTCOME OF THE TRIAL.**

    The Petitioner asserts that, Counsel failed to contact the witnesses that would have established a defense and changed the outcome of the trial. Petitioner gave to Counsel the Name, Phone Number, and Address of <u>MAUREEN McPORTLAND-7459 Thunderbird Road, Liverpool, NEW YORK 13088, (315)457-4518</u>. This witness would have testified to the fact that, after the alleged incident had occured. The Complaintant was in the shower and upon exiting the shower she proceeded to walk down a hallway and saw Mrs. McPortland and my-self looking at Art work. The Complaintant while drying her hair was talking, joking, and laughing with Mrs. McPortland and myself. This happened at the time of the alleged incident. The Petitioner believes the statement of this witness would have changed the outcome of the trial.

The next two names and addresses that were given to Counsel was <u>CRISTIAN AND BILLY</u>. Unfortunatly, the Petitioner no longer has in his possession these witnesses addresses and information. However, the Petitioner makes note of these witnesses to the Courts attention because, the witnesses information was given to Counsel prior to the trial and statements from the witnesses would have changed the outcome of the trial.

The Petitioner also prior to the trial notified and discussed with Counsel of another witness, <u>VICTORIA BAILY</u>, who was one of the Counselors at <u>COLONIAL HALFWAY HOUSE-3800 West Market Street, YORK, PA, (717)792-9012/9040/9034</u>. She could have testified to a relationship formed by the Complaintant and myself. Mrs. Baily had informed me that, she was willing to testify at the trial and the Counsel failed to secure her as a witness. Mrs. Baily's testimony would have contradicted the Complaintants testimony and this also would have impacted the outcome of the trial.

## POINT II
### IMPROPERLY INPANELED JURY AND FAILURE TO GIVE PROPER INSTRUCTION TO THE JURY.

It is well established that a jury must be impartial and must not have reservations regarding race or type of charges involved. The Petitioner instructed Counsel that, he wanted him to obtain if in fact the jury was Prejudice or Biased by the out-burst at trial. The Trial Court erred in failing to give proper instructions, as to Guilt or Innocence and therefore, biasing the Petitioner with Prejudice. In short, any one or more Juror's may have been biased in favor of a Conviction. This Juror(s) would in fact, improperly ignore the presumption of the Defendants innocence and accept the Prosecution's version of the facts, thus returning a verdict of Guilt. The Petitioner in this case was not allowed the opportunity to peremptory challenge any part of the jury for any bias that may exist.

It is well established that a jury must be impartial and must not have reservations regarding Guilt, Innocence, Race or the type of charges involved. The jury in the present case was not selected

from a vast group of people, or back ground and the Constitutional question is whether the jury must be impartially drawn from the cross section of a community, or whether it can be drawn with the systematic and intentional exclusion of some qualified groups of people. see Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed 2d 776; see also Fay v. People of New York State, 332 U.S. 261, 296.

In Fay v. People of New York State, supra. Justice Murphy in his dissenting opinion noted that, "But we do not require a showing of specific prejudice when a defendant has been deprived of his right to a jury representing a cross section of the community". In the Petitioner's present case there were 10 women and 2 men all from one specific back ground and ethnic group. Additionally, the Counsel failed to peremptory challenge, or to average man test, to the juror who stated "I have a friend who experienced this". Counsel failed to challenge this juror at my request and because of Counsel's failure, the Petitioner believes that, there is reason for a new trial in this matter.

The Petitioner had no part in the selection of the jury, nor was he given the opportunity to entertain any of the prospective juror's information before selection. Again, Counsel was before and after jury selection, ineffective. The United States District Court has already ruled that there may be some Constitutional violations of improperly selected and biased juror's. The Petitioner has established that this matter has merit and is deserving of review to warrant a new trial.

There was no probative value in the failure to establish any bias or prejudice that may have existed. The Petitioner has been denied the basic right to establish these facts as set forth in this present Writ of Habeas Corpus that the Petitioner is forced to establish Pro-Se.

During the trial infront of the jury the Petitioner's name was mentioned and the Complaintant screamed, "He's gonna kill me, He's gonna kill me". When I addressed arguement number one: To

state what the complainant said, "He's gonna kill me, He's gonna kill me". At the very least, this prejudiced the jury and required a proper instruction from the Trial Court to establish any prejudice or bias that more than likely may have existed. The Petitioner concedes that there was only one out-burst. However, this would not alleviate the Trial Courts responsibility to properly instruct the jury, and to inform the jury that said out-burst should not be considered as a sign of guilt.

In addition to all this, Trial Counsel was ineffective in failing to request proper instruction from the Trial Court, at my request. Counsel should have at the least, requested peremptory challenges or an average man's test to obtain if the jury was prejudiced by said out-burst. The law is clear pertaining to ineffective assistance of Counsel in that, Counsel should have honored my request. Please, note that the only remedy the Trial Court offered was a recess for 15 minutes, which lasted no more than four minutes. Subsequently, there was no proper instruction given. see Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052,80 L.Ed 2d 674(1984); Commonwealth v. Clemmons,505 Pa. 356,497 A.2d 955(1994): Commonwealth v. Vogel,501 Pa. 314,461 A.2d 604(1993) cert. denied,465 U.S. 1104,104 S.Ct. 1603,80 L.Ed 2d 133(1994); Commonwealth v. Johnson, 490 Pa. 312,416 A.2d 485(1980): Commonwealth v. Weathers el,485 Pa. 28,400 A.2d 1295(1979). These same principles were also recently reaffirmed in Commonwealth v. Buehl,510 Pa. 363,508 A.2d 1167(1986); Commonwealth v. Albrecht,510 Pa. 603,511 A.2d 764(1986); Commonwealth v.Christy,511 Pa. 490,515 A.2d 832(1986); Commonwealth v. Bennett,512 Pa. 525,517 A.2d 1248(1986).

Wherefore, a review of this matter is needed as a showing of ineffective assistance of Counsel would be established. see U.S. v. Padilla,762 F.2d 9442(1985); see also Glasser v. U.S.,315 U.S. 60. These rights pursuant to the sixth Amendment to effective assistance of Counsel. Based upon these facts, the Petitioner requests this Honorable Court GRANT a new trial. Petitioner believes a new trial should be granted or should be allowed to establish ineffective assistance of Counsel and all other just relief that this Court deems right and just.

## POINT III

**THE TRIAL COURT WAS IN ERROR, IN THE INTRODUCTION OF PETITIONERS PRIOR CONVICTIONS AND BAD ACTS. COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT OR TO MOTION AGAINST THE SAME.**

The Trial Court was in error in allowing the introduction of the Petitioners past convictions, which served no probative value, but only went to prejudice the Petitioner in this case. The Petitioner had informed Counsel that he signed a document in the District Attorneys Office on July 3, 1993. The District Attorneys Office informed my Counsel that they agreed on a deal to sign a document on pleading guilty to ESCAPE, that the District Attorneys Office would not bring up my prior convictions or bad acts at the trial. This was guaranteed to me by the District Attorneys Office upon signing this document, so I would not be prejudiced in the sight of the jury. There by, prejudicing me and causing a conviction based on my prior convictions.

Wherefore, the Petitioner asserts that his rights to a fair and impartial trial have been violated, denied and prejudicing him in the eyes of the jury. This information was promised by the District Attorneys Office not to be used against him and not to be prejudiced by his prior convictions. The test would be, if the Commonwealth could not prove each fact beyond a reasonable doubt without this evidence. Then the issue would be although relevant evidence may be excluded if it's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue's, or misleading the jury, or by considerations of undue delay, waste of time or needless preservation of cumulative "evidence"... our United States Government has established that the Double Jeopardy Clause, bars subsequent prosecution where to establish essential element of offenses or the propensity, prosecuter will prove conduct constitutional previously prosecuted offense. In other words... quote the prosecuter can not reprove or use a crime you have already been prosecuted or convicted of to prove his current case. see U.S. v. Easley, 942 F.2d 405(1991): see also Grady v. Corbin, 495 U.S. 508, 109 L.Ed 2d. 548, 110 S.Ct.2084(1990). This would require a motive 880 F.2d 1012. U.S. v. Hitt, 981 F.2d

422... In fact admission of evidence of the Petitioner/Defendants prior crimes or wrongful acts, to show bad character or the propensity to commit crimes, is prohibited...

This courts review of this matter is warranted as the admission of prior bad acts requires reversal and remanding. Please see U.S. v. Brown, 880 F.2d 1012; see also U.S. v. Lai, 944 F.2d 1434. An example would be, the Petitioner would yet again be convicted and punished for the same offense after his second conviction. see U.S. v. Mintz, 16 F.3d 1101(1991)

It has long been established that the burden of guilt is on the Commonwealth, and that the court must prove guilt, and not by introduction of past crimes, or bad acts, confer to the jury that the Petitioner could be guilty. But the proof must be beyond a reasonable doubt, and not merely that he could have been guilty. U.S. v. Polk, 56 F.3d 613 [key 561(1)].

Wherefore, based upon these facts as set forth herein, the Petitioner should be granted a new trial or reversal of conviction in this present case. The Petitioner remains incarcerated and he has a constitutional right to relief in this present case based on the present issue's presented. The Petitioner shall continue to pray for relief. In addition, the Petitioner will assert that trial Counsel failed to object to this at the Trial Court. Additionally, the Commonwealth supports the Petitioner's argument in the area of prejudicial information. The record will show that, the Doctors statement as well as the introduction of the Petitioner's past convictions was un-warranted. As the Petitioner had already stated, that he did in fact have consentual sex. The introduction of this evidence, forensic and otherwise, only went to prejudice the Petitioner in this case. It was un-warranted and had no more prejudicial than probative value. Improperly instructing the jury that,"So you can treat that as if the Defendant had told a lie in the past, conduct involving dishonesty and being false".

The record will show that the introduction of the Petitioner's past convictions or bad acts is Reversible Error. The record states

(6)

the following:

    Now there is several other general rules that apply here. One, you heard testimony that the defendant had previously been convicted of several offenses in Adams County. I believe that information was permitted into testimony for a very limited purpose. Specifically, it was not to show that the defendant is a bad person and therefore, it is more likely that he committed this crime. That would be inappropriate for you to consider in that fashion and I instruct you not to do so.

    However, it is permissible in the sense that it is what we call crimens falsi. That is the actions for which this defendant was convicted involving crimes of dishonesty or falseness and as I told you earlier, if you find that somebody has lied to you in the past, that can be a factor in your decision as to whether you believe them now. So you can treat that as if the defendant had told a lie. In the past he has admitted the conduct that was similar to telling a lie, conduct involving dishonesty and being false. Now, obviously that does not automically mean he is lying today. A person can lie to you sometime in the past and be telling you the truth today. It is just a factor for you to consider in determining the defendants credibility. But make sure you understand that it is limited solely to that purpose that is determining credibility and you cannot look at the overall picture and say, well gee, he committed crimes, he is a bad guy. He is more likely to be guilty. You cannot do that. You can only use it for credibility. The instruction of the Petitioner's past crimes, convictions, and bad acts did nothing more than to be permissible in the sense that, it is what we call crimens falsi.

    This is an error, no case law would support the contention that the crimes the Petitioner is charged with would enlighten him to committing a crime(crimens falsi). Again, this would be cumulative un-warranted evidence and it should have been excluded.

    Also, that in the Petitioners case there was no overwhelming amount of evidence to provide the Commonwealth with the chance to use prejudicial past act information. Additionally, given the case

at hand, the Petitioner was prejudiced by the introduction of past acts and convictions, only went to serve and prejudice the Petitioner. Thereby, taking away from his right to a fair and impartial trial. see Commonwealth v. Sanchez,595 A.2d 617,(1991)

### POINT IV
**P.C.R.A. COUNSEL FAILED TO ADDRESS OR TO RAISE THE ISSUE OF RULE 1100.**

The Petitioner asserts, that P.C.R.A. Counsel failed to address the issue of Rule 1100 on his Writ of Habeas Corpus. This goes with the Petitioner's arguments in being denied the opportunity to Amend any of his arguments on his P.C.R.A. Counsel supports my statements of submitting this information to him at my P.C.R.A. hearing held on January 30th of 1996, at 1:30 p.m., York County Courthouse to contact witnesses. Additionally, the Petitioner at the very minimum deserves the opportunity to be able to address these issue's on Appeal. This in turn would not only be a Constitutional violation, but also a Due Process issue, in the alternative, the demand for new trial...is functionally equivalent to demand for Evidentiary Hearing, this issue is preserved. The right to a fair review is fundamental, that is,"It is one of the most basic rights reserved by our Constitution". see Klopfer v. North Carolina,386 U.S. 213,226,87 S.Ct. 988,995,18 L.Ed 2d 1(1967).

Additionally, the right to a effective assistance of Counsel is guaranteed by the Sixth Amendment and is applicable in state criminal proceedings through the Fourteenth Amendment. In re Jones 590 F.2d at 685;Atkins,644 F.2d 543(6th Cir. 1981). The Commonwealth may argue that the Petitioner failed to raise these issue's, however, the Petitioner has stated that not only P.C.R.A. Counsel was ineffective in failing to raise these issue's, but that also, Trial Court Counsel was also ineffective in his failure to raise these issue's. In fact the Petitioner filed for new trial in this case per ineffective Trial Counsel, which would be the functional equivalent for all relevant purposes, in addition, the Petitioner requested a new trial which for all relevant purposes, the functional equivalent of pressing his Sixth Amendment Rights. see Barker v. Wingo,407 U.S. at 531-32,92 S.Ct. at 2192 Id at 528-29,

92 S.Ct. at 2190-2191. Note:(That the Petitioner has filed numerous motions in this present case).

The Petitioner in this case should be granted an acquittal, new trial, and at the very least, review is warranted.

This Court should carefully weigh all the criteria set forth in this Writ of Habeas Corpus and as stated in <u>Barker v. Wingo</u>, and determine whether Mr. Roth's Sixth Amendment Right has been denied. If this court finds such a violation, it should, DISMISS the indictment and RELEASE Mr. Roth from custody. The record will establish that the Petitioner has a justifiable argument before this Court regarding his Constitutional right to a fair review. i.e. If the Petitioner can reasonably establish the prongs in <u>Barker v. Wingo</u>, Id. Then he would in fact be eligible for relief, in addition P.C.R.A. Counsel failed to confer or to contact the Petitioner in regards to these present arguments that he is now forced to argue Pro-Se. Counsel in this case assumed that the issue's the Petitioner is presently arguing Pro-Se, are unjustified. Counsel should not have assumed a Constitutional based issue.

Trial Court failed to address the Petitioners other motions, particularly his motion to set aside judgement or to give or file an order there too. The Trial Court could not arbitrarily make a ruling on the Petitioners motions prior to making a ruling. The Petitioner, hereby asserts that the Trial Court did cause undue prejudice, bias, and has violated his due process, by failing to decide on his motion to set aside judgement, and given that the Petitioner did not receive full fair review on his first P.C.R.A. Wherefore, at the very least this Honorable Court is asked to remand this case for review or fact finder and allow the Petitioner to address these issue's in the Trial Court. The Petitioner should at least be granted evidentary review.

Inappropriate comments by the Commenwealth per the District Attorney before the jury, regarding his state of mind, only to prejudice the Petitioner in the sight of the jury, again prejudic-

(9)

ing the appellant before the jury, and only adds to my assertions of being prejudiced in the sight of the jury, there was no probative value, and Counsel failed to object as I requested. To state what the District Attorney said, the Petitioner's state of mind was, when the act took place, and after, what he stated at trial:

I want to suggest a few things to you also regarding the defendants state of mind, which is linked to his demeanor while testifying. His state of mind immediately after he was told that a Rape... Someone had accused him of rape, was to leave Pennsylvania, York County, to go to Indiana, to leave his clothing in Pennsylvania, to leave his welfare check in Pennsylvania, to leave everything after his couple months stay at the Colonial House, and go to Indiana. The Judge will instruct you that flight to Indiana goes to his state of mind, and you can consider that he had a guilty state of mind. He also had a guilty state of mind the next day when he called one of the Commonwealth witnesses and said, did they catch the other guy? The other guy, did they get him? So the day after the offense the Defendants story was that some other guy had sex with the victim. Today, he testifies that it was consent.

Counsel, Frank R. Acurri,Esq, failed to address there present issue's on appeal. Counsel chose to argue issue's he thought to be important, thereby denying me the opportunity to full review on his one and only direct appeal.

## CONCLUSION

Wherefore: For the reasons stated and due to the cumulative amount of evidence that was more prejudicial than probative, ineffective assistance of Counsel, Trial Court error's and inconsistant statements, also the prejudice before the jury, all of these issue's did in fact prejudice the appellant in this case. The appellant being a state inmate continues to suffer great harm. Appellant should be granted relief in this, as this is an on going matter either a new trial must be ordered or judgment of acquittal entered or at the very least, the appellant should be allowed to prove and establish ineffective assistance of Counsel in this

present case and what this Court deems just and right. This is an urgent and on-going matter that needs to be heard. Due to trial Counsels ineffectiveness and P.C.R.A. Counsels ineffectiveness during evidentary hearing, the Petitioner prays that this Honorable Court grant him a new trial or at the very least to remand for to establish these points and all other just and right relief that this Court see's fit. The Petitioner will pray.

Respectfully Submitted,

Calvin William Roth Jr. Pro-Se
Inst. No. CY-1623
P.O. Box 1000
Houtzdale Pa. 16698-1000

ON THIS  25  DAY OF APRIL, 2001

## VERIFICATION

I, the Petitioner, Calvin william Roth, Jr., Pro-Se do hereby verify that the facts set forth in this MEMORANDUM SUPPORT OF WRIT OF HABEAS CORPUS is true and correct to the best of my knowledge, information, and belief. Any false statements made herein is made subject to the penalties under 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Dated: This 25 Day of APRIL, 2001.

BY _____
Calvin william Roth Jr.

## PROOF OF SERVICE

I, the Petitioner, Calvin William Roth, Jr., hereby certify that, I am this day serving the attached MEMORANDUM SUPPORT OF WRIT OF HABEAS CORPUS upon the person(s) and in the manner indicated which satisfies the requirements of 18 Pa. C.S.A. §4904.

**SERVICE BY U.S. FIRST CLASS MAIL**
**RETURN RECEIPT REQUESTED**
**ADDRESSED AS FOLLOWS:**

CLERK OF COURTS
U.S. DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

DATED: This 25 Day of APRIL, 2001.

RESPECTFULLY SUBMITTED,
_____
Calvin William Roth Jr.
Inst No. CY-1623
P.O. Box 1000
Houtzdale, PA 16698-1000