IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALVIN WILLIAM ROTH,** | CIVIL ACTION NO. 1:CV-00-1831 |
| Petitioner | |
| v. | |
| **COMMONWEALTH OF PENNSYLVANIA,** | (Judge Rambo) |
| Respondent | |

**MEMORANDUM**

FILED
HARRISBURG, PA
AUG 27 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**Background**

Calvin Roth, an inmate presently confined in the State Correctional Institution in Houtzdale, Pennsylvania (SCI-Houtzdale), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the required filing fee. The Commonwealth of Pennsylvania is named as respondent.

Petitioner was found guilty of escape, rape, and terroristic threats by jury trial in the Court of Common Pleas of York County, Pennsylvania on July 21, 1993. (Doc. 1, Petition.) He was sentenced on September 2, 1993 to eleven to twenty-two years of imprisonment. (Doc. 21, Response, p. 1.)

Petitioner filed a motion for new trial on July 27, 1993, alleging the victim's emotional testimony prejudiced the jury. (Id.) After a hearing on August 19, 1993, the trial judge denied the motion. After sentencing, petitioner filed a request for reconsideration of

sentence on September 10, 1993. (Id., p. 2.) That motion was denied on September 30, 1993. (Id.)

On October 4, 1993, Petitioner filed a pro se "Motion for Judgment of Acquittal Not Withstanding the Verdict of a New Trial" in the Superior Court of Pennsylvania, treated as petitioner's first request for relief under the PCRA. Petitioner alleged ineffective assistance of counsel and requested that new counsel be appointed. The Superior Court granted Petitioner's request on December 1, 1993. (Id.) The matter was remanded for a PCRA hearing before the Court of Common Pleas, and new counsel was appointed. (Id.)

The Court of Common Pleas twice postponed Petitioner's PCRA petition proceeding because Petitioner was unavailable. On December 14, 1995, the Superior Court issued an order affirming the trial court's judgment of sentence. (Id., p. 3.) On January 30, 1996, the PCRA court finally held a hearing and denied Roth's petition. (Id.)

On November 1, 1997, Petitioner filed a petition for Writ of Habeas Corpus with this court. The petition was dismissed on July 17, 1998 for failure to exhaust state remedies. Roth v. McCullough, Civil Action No. 1:CV-97-1773 (M.D. Pa. 1998) (Judge Rambo).

On December 7, 1998, Petitioner filed a second PCRA petition. That petition was dismissed on December 9, 1998 as untimely. On February 18, 1999, Petitioner filed a pro se motion to vacate judgment or set aside sentence, construed by the PCRA court as a third PCRA petition. That petition was denied on March 2, 1999 because the issues were either raised in direct appeal or previous PCRA petitions or were waived because Petitioner failed to raise them in the previous PCRA petitions. The Superior Court affirmed

the decision of the PCRA court, specifically holding that the petition was untimely because it was not filed within one year of the judgment of sentence. (Id., p. 4.)

On March 6, 2000, Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. On July 25, 2000, the Supreme Court denied the petition and affirmed the orders of the Court of Common Pleas and Pennsylvania Superior Court. (Id., p. 4-5.)

On October 16, 2000, Petitioner filed the instant petition for habeas corpus. Respondent filed a response on July 30, 2001. (Doc. 21, Response.) Petitioner did not file a traverse. The matter is fully briefed and ripe for consideration. The petition for habeas relief is untimely and, therefore, will be dismissed.

## Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review procedures have concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(per curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings."). Where, as here, a prisoner's conviction became final on direct review prior to the effective date of the AEDPA, the one year limitations period begins to run on the effective date – April 24, 1996. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); see also Harris, 209 F.3d at 328.

As indicated above, § 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) must be submitted in accordance with the state's procedural requirements, such as rules governing time and place of filing. Lovasz v.

Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

In this case, Petitioner's conviction became final on direct review prior to the enactment of the AEDPA in April of 1996. Thus, the statute of limitations for filing a § 2254 petition began to run on April 24, 1996. Petitioner had until April 23, 1997 to file a timely habeas corpus petition. Burns, 134 F.3d at 111. On January 30, 1996, the PCRA court denied that petition. Petitioner did not appeal that decision. He then filed a petition with the Supreme Court of Pennsylvania in response to the Superior's Court's affirmation of the judgment of sentence. Petitioner's remaining PCRA petitions and motions were not properly filed and, therefore, did not toll the filing period. Petitioner filed his first federal habeas petition on November 1, 1997. However, that petition did not toll the filing period. Jones, 195 F.3d at 158 (holding that the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court). Because none of Petitioner's actions after January 30, 1996 were "properly filed

applications," he had until April 23, 1997 to file a proper federal habeas petition. Therefore, his current petition, filed on October 16, 2001, is barred by the statute of limitations.[1]

However, the AEDPA's "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998). The Jones court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.[2] "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).[3]

---

1. District Courts may sua sponte raise the affirmative defense of the statute of limitations in habeas proceedings. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district judge to whom the case is assigned is required to examine a habeas corpus petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," and if so determined, "the judge shall make an order for its summary dismissal." Id. at 328 (quoting 28 U.S.C. foll. § 2254 Rule 4).

2. Equitable tolling may be appropriate "if (1) the defendant has actively mislead the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

3. This position is also supported by the unambiguous statutory language of 28 U.S.C. § 2254(i) which precludes habeas relief for ineffective or incompetence of collateral counsel.

There is no evident basis for equitable tolling of the limitations period in this case. Petitioner, however, will be accorded an opportunity to show cause as to why his petition should not be dismissed as untimely. An appropriate order will be issued.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 27, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

August 27, 2001

Re: 1:00-cv-01831    Roth v. Commonwealth of PA

True and correct copies of the attached were mailed by the clerk to the following:

```
Calvin William Roth CY-1623
SCI-HOUTZDALE
P.O.Box 1000
Houtzdale, PA  16698-1000

William H. Graff Jr., Esq.
28 E. Market St.
York, PA  17401

DA of York County
Courthouse
28 East Market Street
York, PA  17401 Fax No.: 717-771-9738
```

```
cc:
Judge                          (X )        (X ) Pro Se Law Clerk
Magistrate Judge               ( )         ( ) INS
U.S. Marshal                   ( )         ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen   ( )  PA Atty Gen ( )
                                        DA of County  ( )  Respondents ( )

Bankruptcy Court               ( )
Other_____       ( )
```

MARY E. D'ANDREA, Clerk

DATE: August 27th, 2001            BY: _____
                                       Deputy Clerk