JUDGE'S COPY

Copy 24

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT COURT OF PENNSYLVANIA

CALVIN WILLIAM ROTH          :
    Petitioner           :
V.                           : Civil No. 1:CV-00-00-1831
                             : (Judge Rambo)
COMMONWEALTH OF PENNSYLVANIA :
    Respondent           :

FILED
HARRISBURG
SEP 1 8 2001
MARY E. D'ANDREA, CLE
Per SPC
DEPUTY CLERK

PETITIONERS RESPONSE TO PETITION FOR DISMISSAL OF HABEAS CORPUS
FILED BY THE COMMONWEALTH OF PENNSYLVANIA

AND NOW COMES, Calvin William Roth, Petitioner, Pro-Se, and respectfully requests this Honorable Court this opportunity to Show Cause to why his petition should not dismissed as untimely. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 2254. Petitioner avers the following:

Petitioner is an adult individual who is presently confined at the state Correctional Facility at S.C.I. Houtzdale, Post Office Box 1000, Houtzdale, Pa. 16698-1000.

BACKGROUND

1.    Petitioner was found guilty of escape, rape, and terroristic threats by jury trial in the Court of Common Pleas of York County, Pennsylvania on July 21, 1993. He was sentenced on September 02, 1993 to Eleven (11) to Twenty Two (22) years of

imprisonment.

2. Petitioner filed a motion for a new trial on July 27, 1993, alleging the victims emotional testimony prejudiced the jury. After a hearing on August 19, 1993, the trial judge denied the motion. After sentencing, petitioner filed a request for reconsideration of sentence on September 10, 1993. That motion was denied on Septemeber 30, 1993.

3. On October 04, 1993, petitioner filed a <u>Pro-Se</u> Motion for Judgement of Acquittal not with standing the Verdict of a New Trial in the Superior Court of Pennsylvania, treated as petitioners first request for relief under the P.C.R.A. Petitioner alleged ineffective assistance of counsel and requested that new counsel be appointed. The Superior Court granted Petitioners request on December 01, 1993. The matter was <u>Remanded</u> for a P.C.R.A. hearing before the Court of Common Pleas, and new counsel was appointed.

4. On December 01, 1993, the Court of Common Pleas appointed Frank Arcuri, Esq. to represent the petitioner.

5. The Court of Common Pleas, attempting to commence a hearing to review the petitioners P.C.R.A.. was forced to postpone the proceeding twice (February 16, 1994 and June 16, 1994) due to the petitioners unavailability.

6. On December 14, 1995, the Superior Court of Pennsylvania issued an Order affirming the trial courts judgement of sentence dated September 02, 1993.

7. The Court of Common Pleas was finally able to hold a P.C.R.A. hearing January 30, 1996. In it's decision, the court concluded that the petitioners counsel was not ineffective and

denied the requested relief.

8. The petitioner then filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. This appeal was in response to the Superior Court's affirmation of the judgement of sentence. Said appeal was denied in a Per Curiam decision on May 30, 1997.

9. On November 01, 1997, petitioner filed a petition for Writ of Habeas Corpus with the United States District Court for the Middle District of Pennsylvania. The Honorable Judge Sylvia A. Rambo dismissed the petition on July 17, 1998. In the court's opinion, Judge Rambo indicated that the issue of the jury's constitutionality raised by the petitioner had not been previously presented and therefore was not exhausted at the state level. Moreover, the court stated that Habeas Corpus Petitions containing unexhausted claims are dismissed so that the petitioner can exhaust his state remedies and pursue another appeal. People v. Fulcomer, 882 F.2d 828, 832 (3rd Cir. 1989).

10. On December 07, 1998, the petitioner after receiving the Order from the Honorable Judge Rambo about exhausting state remedies. The petitioner filed a second P.C.R.A. petition. On December 09, 1998, the Honorable John H. Chronister dismissed the petition as untimely.

11. On February 18, 1999, petitioner filed a Pro-Se Motion to Vacate Judgement or set aside sentence. The lower court considered this Motion as a third P.C.R.A. petition. On March 02, 1999, this P.C.R.A. petition was denied.

12. Thereafter, the Superior court of Pennsylvania affirmed the decision of the Court of Common Pleas on February 08, 2000.

13. On March 06, 2000, the petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. On July 25, 2000, the Supreme Court entered a Per Curiam decision denying the Petition for Allowance of Appeal and affirming the <u>Order</u> of the Court of Common Pleas.

14. On October 16, 2000, the petitioner filed a Second Petition for Writ of Habeas Corpus. The petition claimed the follwing:

(a). Counsel was ineffective for failing to contest the credibility of certain jurors and allowing the jury to consist of Ten (10) woman and Two (2) men and was therefore denied a jury of his peers.

(b). Counsel was ineffective for failing to honor the petitioners wishes and failing to communicate how the trial was being handled and failing to provide for an in camera hearing.

(c). Trial Counsel was ineffective for failing to secure certain witnesses.

(d). The petitioners trial was prejudiced by testimony made by Commonwealths witnesses which was contradicted by police reports and testimony given at the preliminary hearing.

## ARGUMENT

In <u>Kuhlman v Wilson</u>, 477 U.S. 436, 106 S.Ct 2619, 91 L.Ed.2d 364 (1986), that even if the petitioner cannot meet the cause and prejudice standard, a <u>Federal Court</u> may examine the merits of a constitutional claim if failure to do so would result in a "Miscarriage of Justice". <u>Id.</u> at 454, 106 S.Ct at 2697. A

petitioner "may make the requisite showing by establishing that...he has a colorable claim of factual innocence.

In the petitioners case the lower court failed to advise him that he has One (1) year from the final judgement of sentence to file a petition under the P.C.R.A. The lower court knew by failing to tell the petitioner this it was in contravention of the petitioner procedural due process rights. That at its core require "Adequate Notice" opportunity to be heard, and the chance to defend ones self before a fair an impartial tribunal having jurisdiction over the case. In

The petitioner followed the <u>Order</u> of Judge Rambo filed on July 17, 1998, for failing to exhaust state remedies. The petitioner filed his second P.C.R.A. petition to abide by the Honorable Judge Rambos Court <u>Order</u>. But the Honorable Judge John H. Chronister dismissed it as untimely. Therefore the petitioner was forced between a "rock and a hard plate" and he had no where to go but proceed to the events as stated in the background history of the petitioner. (See: NO.11, pg. 04 of the D.A. Response to the Writ of Habeas Corpus). In <u>Cloeman v. Thompson</u>, 11 S.Ct 2546 (1991), when the independent and inadequate state ground supporting a Habeas petitioners custody is a state procedural default, an additional concern comes into play. This court has long held that a state prisoners federal habeas petition should be dismissed if the prisoner has not yet exhausted available state remedies as to any of his federal claims. See: <u>Ex Parte Royal</u>, 117 U.S. 241, 06 S.Ct 734, 29 L.Ed. 868 (1886); <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct 1198, 71

L.Ed.2d 379 (1982); Castille v. Peoples, 489 U.S. 346, 109 S.Ct 1056, 103 L.Ed.2d. 380 (1989) and 28 U.S.C. § 2254(b)(codfying the rule). This exhaustion requirement is also grounded in principle and comity; in a federal system, the state should have the first opportunity to address and correct alleged violations of state prisoners federal rights. In Rose, supra, the exhaustion doctrine is principally designed to protect the state courts role in enforcement of federal law and prevent disruption of state judicial proceedings. See: Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S.484, 490-491 93 S.Ct 1123, 1127-1128, 35 L.Ed.2d. 443 (1973), under our federal system, the federal and state courts [are] equally bound to guard and protect rights secured by the constitution. In Ex Parte Royall, 117 U.S. at 256 06 S.Ct at 740. Because it would be unseemly in our dual system of government for a federal district court to upset a state conviction without an opportunity to the state courts to correct a constitutional violation.

As early noted in the opinion, since Brown v. Allen, 244 U.S. 443, 73 S.Ct 397, 97 L.Ed 469 (1953), it has been the rule that the federal habeas corpus petitioner who claims to be detained pursuant to a final judgement of state court in violation of the United States Constitution is entitled to have the federal habeas corpus court make its own determination of his federal claim, without being bound to the determination on the merits of that claim reached in state proceedings.

In the petitioners case this court should allow the petitioner to proceed with this federal habeas corpus due to the fact that the petitioner was never told by the lower court that he had One (1) year to file his P.C.R.A. or even gave the

petitioner "Adequate Notice". Thus under the plain terms of § 2244(d)(1)(A), the period for the time for filing a habeas corpus begins to run when <u>direct</u> review procedures have concluded. In <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000) [T]he AEDPA provides that upon conclusion of <u>direct review</u> of a judgement of conviction, the One (1) year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when <u>state post conviction</u> proceedings are <u>pending</u> in any state court. (emphasis in original). In <u>Stokes v. District Attorney of Philadelphia</u>, No. 99-1493, 2001 WL 387516 at *2 (3rd Cir. 2001), likewise the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas corpus petition is pending in federal court. <u>Jones</u>, 195 F.3d at 158.

However the AEDPA's One (1) year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas corpus petition should not be dismissed as ntimely filed if the petitioner can establish an equitable basis for the tolling the limitations period. <u>Jones</u>, 195 F.3d at 159, citing <u>Miller v. New Jersey State Department of Corrections</u>, 145 F.3d 616 (3rd Cir. 1998).

In the petitioners case equitable tolling is appropriate because the defendant (lower court) mislead the petitioner prevented him from asserting his rights as required by the State and Federal Constitutions. The defendant (lower court) mislead the petitioner by letting him file in the wrong forum <u>Jones</u>, 195 F.3d at 159.

## CONCLUSION

In the petitioners case he is asking this Honorable Court <u>Grant</u> him this opportunity to proceed with this federal habeas corpus due to the lower court misleading the petitioner and causing him to be in a different forum. In the "Interest to Justice" this Honorable Court <u>Grant</u> the petitioner this Show Cause Order and allow him to proceed with this Federal Habeas Corpus.

_[signature]_                                    9-19-2001

## VERIFICATION

I, Calvin William Roth Jr, hereby verify that the facts set forth in this Petition are true and correct to the best of my information, personal knowledge and belief. That the statements made herein are subject to the penalties of 18 Pa. C.S.A. § 4904 (Relating to Unsworn Falsification to Authorities).

Date: 9-14-2001

## PROOF OF SERVICE

I, Calvin William Roth Jr, hereby certify that I am this day serving a true and correct copy of the foregoing Petitioners Response to Petition for Dismissal of Habeas Corpus Filed by the Commonwealth of Pennsylvania. VIA. First Class Mail, to the below listed person(s), such service satisfies these requirements.

First Class Mail:

William H. Graff
Office of the District Attorney
York County Courthouse
28 East Market Street
York, Pa. 17401

Clerk fo Courts
United States District Court
228 Walnut Street
Post Office Box 983
Harrisburg, Pa. 17108

Respectfully Submitted,

Date: 9-14-2001
18 Pa. C.S.A. § 4904

Calvin William Roth Jr.
Petitioner Pro-Se
Post Office Box 1000
Houtzdale, Pa.
16698-1000