IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CALVIN WILLIAM ROTH,           :
                               :
           Petitioner          :    CIVIL ACTION NO. 1:CV-00-1831
                               :
    v.                         :
                               :
COMMONWEALTH OF PENNSYLVANIA (Judge Rambo)
                               :
           Respondent          :

## MEMORANDUM AND ORDER

Calvin Roth, an inmate presently confined in the State Correctional Institution in Houtzdale, Pennsylvania (SCI-Houtzdale), filed *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a memorandum dated August 28, 2001 (Doc. 22), this court found that the habeas petition was barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)-(2). Although there was no evident basis for equitable tolling of the limitations period in this case, the court provided petitioner with an opportunity to show cause as to why his petition should not be dismissed as untimely. *(Id.)* Currently pending before the court is petitioner's response. (Doc. 24.)

Upon further review of the record, the court finds that Roth's petition is time-barred and petitioner fails to present a "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153 (3d Cir. 1999). Accordingly, Roth's petition will be dismissed.

Petitioner contends that equitable tolling is warranted in his case because the lower court failed to advise him that he had one year from the final judgment of sentence to file a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). A brief review of the procedural history in this case will show that petitioner's argument has no merit.

Petitioner was found guilty of escape, rape, and terroristic threats by jury trial in the Court of Common Pleas of York County, Pennsylvania on July 21, 1993. (Docs. 1, 24.) Roth was sentenced on September 2, 1993. (Doc. 21, p. 1; Doc. 24, p. 1.) On October 4, 1993, petitioner filed a pro se "Motion for Judgment of Acquittal Not Withstanding the Verdict of a New Trial" in the Superior Court of Pennsylvania. This motion was treated as petitioner's first request for relief under the PCRA. Petitioner alleged ineffective assistance of counsel and requested that new counsel be appointed. The Superior Court granted the petitioner's request on December 1, 1993. (Doc. 21, p.2; Doc. 24, p. 2.) The matter was remanded for PCRA hearing with the

2

Court of Common Pleas and new counsel was appointed. (*Id.*) Therefore, petitioner filed his first PCRA petition well within one year of his sentence and he was appointed counsel. Furthermore, a hearing was conducted, petitioner's trial counsel was found to be effective, and the petition was denied. (*Id.*)

The Third Circuit recently revisited the issue of equitable tolling in *Nara v. Frank*, 2001 WL 995164 (3d Cir. Aug. 30, 2001). The court reiterated that "equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." *Id.* at *8 quoting *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). The court went on to say that "this will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." *Id.*, quoting *Miller*, 145 F.3d at 618.

Even if the trial court failed to inform petitioner of his deadline to file a PCRA petition, Roth did not suffer any actual prejudice because his motion for judgment of acquittal, filed 32 days after he was sentenced, was liberally construed as a PCRA petition and he was accorded a full hearing and representation of counsel. Petitioner elected not to file a direct appeal of his conviction and not to appeal the lower court's denial of his PCRA petition. Petitioner's allegation does not constitute extraordinary circumstances to justify equitable tolling. The petition is untimely.

3

Accordingly, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is dismissed pursuant to 28 U.S.C. § 2244(d)(1)-(2).

2. The Clerk of Court is directed to close the case.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

SYLVIA H. RAMBO
United States District Judge

Dated: October 9, 2001.

```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

                   * * MAILING CERTIFICATE OF CLERK * *


    Re:  1:00-cv-01831    Roth v. Commonwealth of PA


    True and correct copies of the attached were mailed by the clerk
    to the following:


         Calvin William Roth CY-1623
         SCI-HOUTZDALE
         P.O.Box 1000
         Houtzdale, PA   16698-1000

         William H. Graff Jr., Esq.
         28 E. Market St.
         York, PA   17401

         DA of York County
         Courthouse
         28 East Market Street
         York, PA   17401 Fax No.: 717-771-9738
```

```
cc:
Judge                      (X )          (X ) Pro Se Law Clerk
Magistrate Judge           ( )           ( ) INS
U.S. Marshal               ( )           ( ) Jury Clerk
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Ct Reporter                ( )
Ctroom Deputy              ( )
Orig-Security              (X )
Federal Public Defender    ( )
Standard Order 93-5        ( )
Bankruptcy Court           ( )
                                              MARY E. D'ANDREA, Clerk


DATE: October 9th, 2001                  BY: [signature]
                                              Deputy Clerk
```